# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SEDRICK DEWAYNE BOHANNON**                                    **PLAINTIFF**

v.                                                               **CAUSE NO. 1:16CV313LG-RHW**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, et al.**                                                      **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authorities, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

*Pro se* Plaintiff Sedrick Dewayne Bohannon initiated this action on August 24, 2016, while he was incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi. (Compl. 1, ECF No. 1). On October 5, 2016, Plaintiff filed a change of address [7] reflecting his release from incarceration. On October 24, 2016, the Magistrate Judge entered an Order [10] directing Plaintiff to file a response to provide specific information regarding his claims on or before November 23, 2016. Plaintiff was cautioned that his "failure to advise this Court of a change of address or his failure to timely comply with this order or any other order of this Court . . . may result in this cause being dismissed without prejudice." Order [10] at 2. Plaintiff failed to comply with this Order or otherwise contact the Court.

On December 12, 2016, the Magistrate Judge entered an Order to Show

Cause [11] requiring that Plaintiff, on or before January 3, 2017: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's prior Order [10]; and (2) comply with the Court's prior Order [10] by providing the required additional information concerning his claims. Order [11] at 1-2.  Plaintiff was once again cautioned that his "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed without prejudice." *Id*. at 3.  Plaintiff did not comply.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Order prior to the dismissal of this case.  On January 17, 2017, the Court entered an Order to Show Cause requiring Plaintiff, on or before February 10, 2017: (1) to file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's Orders [10, 11] entered October 24, 2016, and December 12, 2016; and (2) to comply with the Court's Orders [10, 11], by filing a response as set forth in the Order.  Order [12] at 1-3.  Plaintiff was warned that his "failure to timely comply with this Order or his failure to keep this Court informed of his current address . . . *will result* in this cause being dismissed *without* further notice to the Plaintiff." *Id*. at 3.  Plaintiff failed to comply with the Order to Show Cause [12] or otherwise contact the Court.

## II.  DISCUSSION

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent

authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff did not comply with three Court Orders even after being warned several times that failing to comply with a court order would result in the dismissal of his lawsuit. Order [10] at 2; Order [11] at 3; Order [12] at 3. Plaintiff has not contacted the Court since October 5, 2016, when he filed his notice [7] of a change of address. Such inaction presents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

stated above, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE